Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50076 | **DATE** | 8/7/2001 |
| **CASE TITLE** | LAMBERT vs. OWENS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   As stated in the attached order, Plaintiff's motion to compel is granted in part and denied in part. Defendant is ordered to provide responses in accordance with the attached order within 21 days, by August 27, 2001. Enter attached Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG - 7 2001 | 93 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 8/7/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| tml | courtroom deputy's initials | 01 AUG -7 PM 12:13 Date/time received in central Clerk's Office | gg mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED-WD
AUG -7 PM 12:13
U.S. CLERK
DISTRICT COURT

DOCKETED
AUG -7 200

| | |
|---|---|
| FREDERICK R. LAMBERT, ) | |
| ) | |
| Plaintiff, ) | Case No. 99 C 50076 |
| ) | |
| v. ) | Philip G. Reinhard |
| ) | P. Michael Mahoney |
| EDDIE HOUI, GARY ARBISI ) | |
| and RICHARD MEYERS ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This court addresses several discovery issues that have been raised by the parties. This case involves a claim of civil rights violations brought against Defendants, Eddie Houi, Gary Arbisi and Richard Meyers, by Plaintiff, Frederick R. Lambert. Plaintiff has alleged that the Defendants, Captain of Operations, Chief Deputy of Corrections and Warden of Winnebago County Jail, respectively, have allowed or engaged in activities that violated his Fifth Amendment, Fourteenth Amendment and various civil rights under, The Civil Rights Act, Title 42 Section 1983 U.S. Code. These activities include, but are not limited to, placing Plaintiff in segregation without a disciplinary notice or hearing, inappropriately placing Plaintiff in full restraints, and denying Plaintiff access to the telephone and religious services.

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." The extent and use of discovery shall, however, be limited by the court if it determines that the "burden or expense of the proposed

1

discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2). Plaintiff has sought to compel the production of answers to multiple interrogatories from Defendants; the issues raised are addressed below.

**Timeliness of Response**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure interrogatories must be answered or objected to within thirty days of service. Rule 33 (b)(4) provides, "any ground not stated in a timely objection is waived unless the party's failure to object is excused by the Court for good cause shown." Plaintiff contends that Defendants were sent the first of three sets of interrogatories on March 8, 2001, the second set on March 14, 2001, and the third and final set on March 28, 2001. Plaintiff asserts that Defendant Houi has waived all grounds for objection to Interrogatory No. 4 because his objection was not lodged until April 19, 2001. Also, Plaintiff contends that Defendants Meyers and Houi have also waived any grounds for an objection to Interrogatories No. 14 and 15, respectively, because of their, untimely, April 19, 2001, date of answer.

Defendants do not deny the procedural history; rather, they assert that an oral agreement occurred on March 28, 2001, between Plaintiff's standby council and Defendants. Defendants contend that stand-by counsel extended the response deadline by twenty-eight days. Pursuant to an order entered on January 12, 2000, District Court Judge Philip G. Reinhard denied Plaintiff's motion for appointment of counsel. Plaintiff renewed the motion at a later time and on February 6, 2001, this court again, for the same reasons, denied the motion for appointment of counsel. At the same

time, in response to the motion, this court appointed James D. Zeglis as standby counsel to aid Plaintiff. Plaintiff now objects that standby counsel did not have the authority from him to extend the deadline by twenty-eight days. Certainly standby counsel has limited authority. He is meant to be a legal resource to aid Plaintiff in developing his case. The appointment of stand-by counsel also proves useful in a situation where the court later determines that the full appointment of counsel is necessary. The court can then go to a full appointed counsel who is up to date, as far as the case is concerned. Whether the appointment of full counsel is warranted is determined by applying the criteria of the local rules. LR 83.36(c).

Defendants were reasonable in relying upon the representation of standby counsel that they would have additional time to respond to the outstanding discovery. At the very least, this court finds that Defendant's reliance on stand-by counsel's representations regarding the extension of the time for reply satisfies the "good cause shown" exception of Rule 33(b)(4). Rule 33 provides that untimely objections to interrogatories will be waived unless the failure to object is excused by the court for "good cause shown". Fed. R. Civ. P. 33(b)(4). While stand-by counsel's authority is limited, for example standby counsel would not have the authority to unilaterally dismiss the case, Defendant was reasonable in believing that stand-by counsel did have the authority to extend a discovery deadline. The court, therefore, will take into consideration the responses to Interrogatory Nos. 4, 14 and 15.

Interrogatory No. 4 relates to Defendant Houi. The interrogatory requests the identification during a time period of Defendant's secretary or anyone who may have temporarily relieved his secretary for any reason. The response that Defendant Houi asserts is that he did not have a secretary and during the stated period of time he performed most of his own secretarial duties. There is also

3

an indication in the response that various members of the Winnebago County Jail do the balance of his secretarial work. In the court's view, this is an interrogatory which is of marginal relevancy. However, it does not appear to be very burdensome to fully answer. Therefore, the court will indicate at this time that the answer to Interrogatory No. 4 is to be supplemented and the persons who do secretarial tasks on behalf of Defendant Houi shall be identified for Plaintiff.

Interrogatory No. 14 is directed to Defendant Meyers. According to the response to Interrogatory No. 14, the information will be provided by a supplement upon receipt by counsel on behalf of Defendants. The court will assume that that has or will take place within a reasonable time.

Interrogatory No. 15 is directed to Defendant Houi and requests information about anyone who has ever escaped from the jail while housed in the observation unit. Defendant has objected to this interrogatory on the grounds of relevancy and jail security and safety reasons. Plaintiff has indicated that he does not want to pry into the methodology used by the persons to escape but, claims he believes no one has ever escaped from the observation unit. With the understanding that there will be no follow-up interrogatories, the objection is overruled and Defendant is required to answer as to whether anyone has ever escaped while housed in the observation unit and, if they have, how many have escaped and the dates of the escapes. However, there will be no further information provided.

Plaintiff further contends that the response to Interrogatory No. 10 is incomplete. Interrogatory No. 10 is directed to Defendant Meyers. Interrogatory No.10 has only been partially answered and no objection has been lodged against it. Therefore, Defendant must respond to the last part of Interrogatory No. 10 which states the following, "and further state the reasons why the officers are required to make such rounds."

Plaintiff also believes that Defendant's response to Interrogatory No. 23 is incomplete. Interrogatory No. 23 is directed to Defendant Houi. The response to Interrogatory No. 23 comports with the Federal Rules of Civil Procedure. Defendant Houi has responded as far as his personal knowledge and Plaintiff has been directed to Defendants' response to Request to Produce No. 14 which contains the documents that support the reason why he was placed in the observation unit. Defendant has sufficiently responded to Interrogatory No. 23, therefore, there is no need for the court to enter an order in regard to that interrogatory.

**Reference to Previous Interrogatories and Documents**

Plaintiff contends that Defendants' answers to Interrogatory No. 11, 17, 19, 20, 25, 26, 28 and 29 are incomplete because they refer to previous answers or specific documents. It is permissible practice for respondents to refer to previous answers if the responses are germane to the answer solicited. Furthermore, pursuant to Rule 33 (a)(c) answers to interrogatories may be derived from records as long as the records indicated are clearly identified. In the above stated interrogatories all records indicated are clearly identified for ready access. A review of the above listed interrogatories demonstrates that through reference to other responses and documents, Defendants have responded completely to each interrogatory. Plaintiff's motion to compel with respect to the above cited interrogatories is therefore denied.

**The Administration of Certification**

Lastly, Plaintiff correctly points out that Rule 33(b)(2) requires answers to interrogatories to be signed by the individual who is supplying the answers. This was not done in this case. The

interrogatories were signed solely by the attorney. Therefore, as to the interrogatories, the court will grant additional time for the person answering the interrogatories to sign same and will direct that the interrogatories be properly executed by the person supplying the information, pursuant to Rule 33(b)(2), within twenty-one days. The twenty-one day time period will also be applied to any responses ordered by this court.

**ENTER:**

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**

DATE: 8/7/01