# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | Philip G. Reinhard |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50076 | **DATE** | 1/31/2002 |
| **CASE TITLE** | LAMBERT vs. ARBISI, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Plaintiff's motion to compel is granted in part and denied in part. Defendants are directed to provide responses to Plaintiff's interrogatories in accordance with the above by February 19, 2002. Plaintiff's motion to re-file his motion for sanctions is denied. Enter attached Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JAN 31 2002 |
| X | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | 1/31/2002 |
| tml | courtroom deputy's initials | date mailed notice |

Document Number

02 JAN 31 PM 3: 14

CLERK, U.S. DISTRICT COURT

FILED-WD

Date/time received in central clerk's Office

docketing deputy initials

gg

mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

FREDERICK LAMBERT, )
)
    Plaintiff, )    Case No. 99 C 50076
)
    v. )    Philip G. Reinhard
)    P. Michael Mahoney
EDDIE HOUI, GARY ARBISI and )
RICHARD MEYERS, )
)
    Defendants. )

### Memorandum Opinion and Order

Plaintiff has re-filed his second motion to compel and motion for sanctions pursuant to this court's August 20, 2001, order. This court will address the issues raised by Plaintiff as they are presented in his motion.

Plaintiff asserts that Defendants' responses to Interrogatory Nos. 31 and 32 are evasive and do not provide a direct answer to Plaintiff's question. Plaintiff also asserts that Defendants' responses to these questions are incomplete. This court has reviewed Defendants' responses to Interrogatory Nos. 31 and 32 and finds that Defendants have sufficiently responded. Defendants have the obligation to include all information within their knowledge or control in response to Plaintiff's interrogatories pursuant to Rule 33. Fed. R. Civ. P. 33(b). In their response to Plaintiff's motion, Defendants assert that they have responded completely based upon their recollection and reasonable investigation. Therefore, Plaintiff's motion as to Interrogatory Nos. 31 and 32 is denied.

In Interrogatory No. 37, Plaintiff asked Defendant Arbisi if he wrote, signed-off on or was aware of a memo ordering an officer to be posted in front of Plaintiff's cell in the observation unit. Defendant responded that he is unaware of a memorandum on that issue but that he is aware that

from time to time a chair was stationed in the observation unit, possibly next to Plaintiff's cell, for officers to sit in. This court finds that Defendant's response is not evasive and does sufficiently respond to the interrogatory pursuant to Rule 33.

In Interrogatory No. 39, Plaintiff sought information regarding the number of designated segregation units there were during certain time periods. Defendant's response is incomplete in that it did not answer the Interrogatory with regard to the specific time periods for which the information was sought. Plaintiff's motion to compel as to Interrogatory No. 39 is therefore granted.

Plaintiff's Interrogatory No. 44 seeks information from Defendant Meyers as to why cameras were used to monitor Plaintiff during his stay in the observation unit on specific dates. Defendant responded to Interrogatory No. 44 by stating, generally, the purposes of observation as opposed to answering specifically as to Plaintiff, as was requested in the interrogatory. In responding to Plaintiff's motion, Defendant states that the cameras are permanent fixtures in the observation unit and were not added for the purpose of monitoring Plaintiff. Defendants further assert that they have answered this question, or some form of it, on several occasions already. Objections as to the repetitive nature of Plaintiff's discovery requests are to be raised in response to those requests and not in response to a motion to compel. Defendant's response to Interrogatory No. 44 is somewhat ambiguous in that it does not state, as Defendant states in the response brief, that the general reasons for camera monitoring are the same as the specific reasons for use of the cameras with respect to Plaintiff. Plaintiff's motion as to Interrogatory No. 44 is granted.

In Interrogatory No. 48, Plaintiff sought information regarding the names of magazines that were loaned to inmates through library services in 1998. This court has reviewed Defendant's response to this interrogatory and finds that it is not evasive or incomplete.

Interrogatory No. 52 seeks information from Defendant Houi regarding what information he received that Plaintiff was causing fights or disturbances while housed in H or C block. This court has reviewed Defendant's response to this interrogatory as well as Plaintiff's and Defendant's statements in their briefs and finds that Defendant has adequately responded to Interrogatory No. 52. Defendant, in his response, cites to reports regarding Plaintiff causing fights and disturbances that had already been produced to Plaintiff. This court finds that Defendant's response is sufficient pursuant to Rule 33(d). Fed. R. Civ. P. 33(d).

Plaintiff's remaining objections are to the form of Defendants' responses. Plaintiff notes that Local Rule 33.1 provides that parties responding to interrogatories shall set forth immediately preceding each answer a full statement of the interrogatory to which the party is responding. L.R. 33.1. Defendants are directed to comply with L.R. 31.1 by providing conforming responses to Plaintiff's interrogatories wherein their responses are preceded by the interrogatory to which they respond. Plaintiff also objects to the form of the signature page used by Defendants pursuant to Rule 33(b)(2). Plaintiff asserts that Defendants are required to verify the accuracy of their responses if they are to fully comply with the rule. Rule 33(b)(2) provides "The answers are to be signed by the person making them, and the objections are to be signed by the attorney making them." Fed. R. Civ. P. 33(b)(2). This court finds that Defendants have fully complied with the requirements of Rule 33(b)(2). Plaintiff notes that in one case, Defendant Arbisi failed to have his responses notarized. Defendant is directed to provide Plaintiff with a notarized signature page. Finally, Plaintiff objects to Defendants' attorney acting as a notary. Plaintiff asserts that by acting as a notary, Attorney Barch is placing himself in the position of possibly being called as a witness in the event that Defendants deny giving a particular response to Plaintiff's interrogatories. This court finds that, in the unlikely

event that Attorney Barch is called upon as a witness, reasonable measures are available to the trial court to address any issues that may arise in that instance. Defendants' responses, as notarized by Attorney Barch, may stand.

Finally, Plaintiff has sought to re-file his August 16, 2001, motion for sanctions. This court addressed the issues raised in Plaintiff's motion in an order filed September 12, 2001. Plaintiff has provided no reason why this court should reconsider its September 12, 2001 rulings. Plaintiff's motion to re-file is denied.

## CONCLUSION

Plaintiff's motion to compel is granted in part and denied in part. Defendants are directed to provide responses to Plaintiff's interrogatories in accordance with the above by February 19, 2002. Plaintiff's motion to re-file his motion for sanctions is denied.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 1/31/02

4