Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | Philip G. Reinhard |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50076 | **DATE** | 8/9/2002 |
| **CASE TITLE** | LAMBERT vs. OWENS, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] In accordance with the attached Memorandum Opinion and Order, Defendants' motion for aid in discovery is granted in part and denied in part. Defendants' motion for a protective order is denied. Plaintiff's motion for an order is denied. Defendants are given 14 days to improve the form of Request No. 20. Plaintiff then has 14 days to respond to Request No. 20. Plaintiff has twenty-one days to make a copy of his criminal case transcript available to his stand-by counsel or to forward the original to his stand-by counsel for production to Defendants. Finally, Defendants have 14 days to file an amended response to Plaintiff's Request No. 32.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | AUG 1 2 2002 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 02 AUG -9 PM 2:53 | 8/9/2002 date mailed notice |
| tml | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | gg mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| FREDERICK LAMBERT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 99 C 50076 |
| | ) | |
| v. | ) | Philip G. Reinhard |
| | ) | P. Michael Mahoney |
| T. OWENS, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants seek assistance form this court in resolving certain discovery disputes that have arisen between Defendants and pro se Plaintiff. This court will address the issues raised in Defendants' motion and those raised, in a separate motion, by Plaintiff. First, Defendant asserts that Plaintiff's responses to Defendants' requests to admit have been inadequate. Rule 36 governs requests to admit and provides that answers to the requests "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the material." Rule 36 provides that the matter is admitted unless a written answer or objection is served upon the requesting party within 30 days. Fed. R. Civ. P. 36(a). Rule 36 further states "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Fed. R. Civ. P 36(a).

In response to Defendants' Request to Admit Nos. 8, 10, 19, and 21, Plaintiff responded that notwithstanding reasonable inquiry, he is unable to admit or deny on the basis of information known

or readily available to him. This response is insufficient. Plaintiff is not permitted to merely rely on his lack of personal knowledge when responding to requests to admit. Plaintiff is required to make reasonable inquiry, as to third parties if necessary, in an effort to comply with Rule 36(a) and respond to Defendants' requests. The propounding of requests to admit serves to narrow the issues at trial and can be useful to the parties in limiting the need for extensive discovery as to issues that can be addressed through Rule 36 admissions. A party's response that he cannot admit or deny the opposing party's requests frustrates the purpose of Rule 36 and will be allowed only when the responding party has demonstrated that a reasonable inquiry was undertaken. *Cada v. Costa Line, Inc.* 95 F.R.D. 346, 349 (N.D. Ill. 1982). Plaintiff has not done so in this case. Because Plaintiff has had ample opportunity to revise his responses and has not done so, Request Nos. 8, 10, 19, and 21 are hereby deemed admitted. Defendants also object that Plaintiff has not admitted or denied the genuineness of the documents referenced in Requests Nos. 8, 10, and 19. For the above reasons, the genuineness of those documents are deemed admitted.

In response to Request Nos. 11, 15, 18, and 27, Plaintiff indicated an admission subject to a relevancy objection. This court finds Plaintiff's responses to be sufficient. Plaintiff is permitted to preserve his objection to the admissibility of the admission based on relevance.

Defendants also assert that Plaintiff's response to Request No. 20 is insufficient. Request No. 20 seeks an admission that Plaintiff was "again declared a security risk for witness tampering and placed into Observation." Initially, Plaintiff asserted that Request No. 20 is vague and ambiguous and that Plaintiff did not know what the word 'again' implied. In his supplemental answers, Plaintiff amended his answer to indicate that he lacks sufficient information to respond to Request No. 20. This court finds that Request No. 20 is vague as written and that Plaintiff's answer

that he lacks sufficient information to respond is insufficient. Defendants are given 14 days to improve the form of the request. Plaintiff then has 14 days to respond to the request.

In Request No. 23, Defendant sought admissions or denials as to whether certain items were found in Plaintiff's cell during a search on September 18, 1998. Plaintiff failed to respond to subparagraphs (a), (n), and (o). Pursuant to Rule 36(a), this court orders that subparagraphs (a), (n), and (o) are deemed admitted due to Plaintiff's failure to sufficiently respond as to those items.

Both Plaintiff and Defendants have raised issues with respect to Defendants' Request for Production. Defendants have asserted that Plaintiff has, in his discovery responses, quoted from the trial transcripts from his criminal case and has failed to produce those transcripts in response to Defendants' Requests for Production. Plaintiff concedes that he is required to produce the transcripts and has responded that he only has one copy of the trial transcripts and that, due to prison policy regarding photocopying large transcripts, he is unable to produce a copy to Defendants. Plaintiff seeks an order from this court requiring the prison to allow him to make a copy of the transcript for production to Defendants. This court denies Plaintiff's motion for an order that the Illinois Department of Corrections (DOC) allow the photocopying of Plaintiff's transcript. DOC is not a party to this action. Plaintiff has twenty-one days to make a copy of the transcript available to his stand-by counsel or to forward the original to his stand-by counsel for copying and production to Defendants.

Defendants seek leave to file an amended response to Plaintiff's Request to Admit No. 32. Defendants assert that, due to scrivener error, a response to that request was omitted. Defendant states that pursuant to Local Rule 37.2 they requested that they be permitted to amend their response to Request No 32 and that Plaintiff has failed to respond to that request. Rule 36(b) provides that

3

"the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P 36(b). Plaintiff has failed to demonstrate, or even assert, that he will be prejudiced by permitting Defendants to amend their response to Request No. 32. Defendant has 14 days to file an amended response to Request No. 32.

Finally, Defendants seek a protection order, alleging that Plaintiff is seeking depositions over the number allowed in the case management order. This court finds Defendants' motion is premature. It appears that deposition discovery in this case has only just begun and that Plaintiff has not actually attempted to take depositions in excess of ten, as provided for in the case management order. Defendants' motion for a protective order is denied. Also, with regard to Plaintiff's depositions, Plaintiff has stated that he wishes to participate in depositions telephonically and asserts that taking depositions through stand-by counsel is insufficient. This appears to be a non-issue. Defendants have responded that Plaintiff's telephonic participation was never opposed by them and that the manner of Plaintiff's participating in depositions was left to Plaintiff and his stand-by counsel. This court notes that Plaintiff's telephonic participation in depositions is allowable if appropriate and reasonable and if Plaintiff can obtain the permission of DOC to participate. Given Plaintiff's current circumstances, it is up to Plaintiff and his stand-by counsel to arrange for his participation in the depositions. The Illinois Department of Corrections will make the final decision as to whether Plaintiff can participate telephonically.

**Conclusion**

In accordance with the above, Defendants' motion for aid in discovery is granted in part and

denied in part. Defendants' motion for a protective order is denied. Plaintiff's motion for an order is denied. Defendants are given 14 days to improve the form of Request No. 20. Plaintiff then has 14 days to respond to Request No. 20. Plaintiff has twenty-one days to make a copy of his criminal case transcript available to his stand-by counsel or to forward the original to his stand-by counsel for production to Defendants. Finally, Defendants have 14 days to file an amended response to Plaintiff's Request No. 32.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 8/9/02