JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 50076 | DATE | 6/25/2004 |
| CASE TITLE | Lambert vs. Owens | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motion[184] for summary judgment as to Counts I, VIII, and XI and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

# MEMORANDUM OPINION AND ORDER

Plaintiff, Frederick Lambert, a former pre-trial detainee at the Winnebago County Jail, filed a multi-count complaint against various defendants, including the sheriff, Richard Meyers, and two supervisors at the jail, Eddie Houi and Gary Arbisi. The only claims remaining are those in Counts I, VIII, and XI against Meyers, Houi, and Arbisi. These three defendants have moved for summary judgment as to all three remaining counts.

Summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lucas v. Chicago Transit Authority, 367 F. 3d 714, 720 (7th Cir. 2004). In ruling on such a motion, the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 255 (1986).

In Count I, plaintiff claims he was denied his right to marry because jail policy did not allow marriages to take place at the jail. To the extent the policy allowed an inmate to request to be married in the circuit court, plaintiff claims he was not aware of the policy which resulted in the effective denial of his right to be married.

While an inmate has a fundamental right to marry, Turner v. Safley, 482 U.S 78 (1987), that right may be limited by sound penalogical reasons, Williams v. Wisconsin, 336 F. 3d 576, 582 (7th Cir. 2003). An incidental interference with the right to marry, such as the timing or place of the marriage, does not give rise to a constitutional claim if there is some justification for the interference. Williams, 336 F. 3d at 582. Emotional distress from such an interference is not actionable by virtue of 42 U.S.C. § 1997e(e). Martin v. Snyder, 329 F. 3d 919, 921 (7th Cir. 2003).

In this case, there was no blanket prohibition on plaintiff getting married while he resided at the jail. All he needed to do under the policy was arrange a marriage through the local court. While plaintiff complains that he was not aware of this option, there is no evidence that it was kept from him or that he expressed any interest in getting married and that anyone endeavored to hide the policy from him. Further, as a practical matter, plaintiff was only in the jail for about a month after he decided to be married and then was transferred to a state prison where he was married about nine months later. Such a delay does not constitute a meaningful denial of his right to marry.

Plaintiff's claim in Count VIII is that he was not allowed to receive newspapers and magazines delivered to him at the jail by individuals on three different occasions. Defendants have asserted the existence of a written policy that only allowed for newspapers (other than the local paper) and magazines to be delivered directly from the publisher (publisher only rule). Plaintiff replies that the policy did not exist and was cooked up by defendants after the fact as a defense to his claim.

While the Seventh Circuit Court of Appeals has not ruled on the constitutional validity of a "publishers only rule" as applied to publications other than hardbound books, the court adopts the very persuasive reasoning of the district court in Pearson v. Berge, No. 01-C-0364-C, 2002 WL 32341701 (W.D. Wisc. Aug. 27, 2002), which, relying on Turner v. Safley, 482 U.S 78 (1987), and Thornburgh v. Abbott, 490 U.S 401 (1989), as well as several decisions of other United States Courts of Appeal, held that a publishers only rule that applies to newspapers and magazines is constitutional. Thus, the court finds the policy at issue here to be constitutional.

As for plaintiff's contention that defendants created the policy after the fact, the undisputed evidence shows the policy existed as of the time plaintiff was incarcerated at the jail. The fact that certain correctional officers could not recall if such a policy existed does not create a question of material fact in this regard. Nor has plaintiff pointed to any other evidence to support his assertion. Thus, the court grants summary judgment as to Count VIII.

Plaintiff's remaining claims, contained in Count XI, revolve around his being placed in the observation unit on three separate occasions. He contends that he was placed in observation without due process, that he was observed while nude or using the toilet by female corrections officers and female visitors via the video monitors located in the control booth, and that derogatory comments were made by certain corrections officers about the size of his penis and the odor generated when he defecated.

The undisputed facts here establish that the observation unit had all the trappings of segregation. A pretrial detainee may be placed in segregation for punitive purposes only after proper notice and an opportunity to be heard. Higgs v. Carver, 286 F. 3d 437, 439 (7th Cir. 2002). But no such process is required if he is placed in segregation for preventative or management reasons. Higgs, 286 F. 3d at 439.

Here, it is undisputed that plaintiff's first stint in the observation unit, which lasted about one week, was purely for management reasons related to his transfer from state prison. Once he was processed, he was transferred into general population. This does not show a valid constitutional claim.

His second assignment to the observation unit began as an administrative decision as a result of concerns about his involvement with witness tampering. Following notice and a hearing, his confinement was extended for thirty days for disciplinary reasons. No due process violation has been shown in this regard.

Finally, plaintiff's third stay in the observation unit began as an administrative assignment related to another investigation of alleged telephone threats by plaintiff to another inmate's mother. This assignment was extended due to the discovery of contraband in plaintiff's observation cell despite the tight controls on his activity, which also resulted in the termination of a correctional officer. This continued assignment of plaintiff to the observation unit was clearly a proper preventative measure based on legitimate security concerns that required no due process.

Plaintiff also has no claim as a matter of law related to the observation of himself nude or using the toilet by female correctional officers. See Johnson v. Phelan, 69 F. 3d 144 (7th Cir. 1995). There is also no evidence that would support a reasonable inference that plaintiff was ever actually seen nude or using the toilet by any female other that corrections personnel.

Lastly, a few isolated derogatory remarks about plaintiff's body or bodily functions, while inappropriate, are simply not actionable under the Constitution. Moreover, there is no evidence that any of the three defendants had any knowledge of these comments let alone participated in or authorized such comments.

The court grants summary judgment on all claims contained in Count XI.

For the foregoing reasons, the court grants defendants' motion for summary judgment as to Counts I, VIII, and XI.